PER CURIAM.
The appellant is a juvenile offender who contends that the trial court lacked jurisdiction to commit him to a non-secure residential program after he reached his 19th birthday. Appellant claims that section 985.0301(5), Florida Statutes (2009), gives the trial court jurisdiction over delinquent children up to age 19, and that he was not placed in a program (or facility) as would permit an extension of the court’s jurisdiction under (5)(h). Section 985.0301(5)(h), states:
(h) The court may retain jurisdiction over a juvenile sexual offender who has been placed in a program or facility for juvenile sexual offenders until the juvenile sexual offender reaches the age of 21, specifically for the purpose of completing the program.
We affirm the disposition below. When Appellant pled guilty to a lewd and lascivious molestation charge, he was passed for disposition temporarily based on an agreement that he would complete a treatment program for juvenile sexual offenders, with the opportunity to have the case dropped if *1025 he completed the program. As part of the agreement, Appellant consented to having the court’s jurisdiction extend until he reached the age of 21, consistent with the statute. When Appellant then failed to complete the outpatient program, the trial court sentenced him delinquent and committed him to the Department of Juvenile Justice and a non-secure, residential program. Though Appellant had turned 19 years of age before the court rendered this sentence, the trial court still had jurisdiction because Appellant had agreed to extend the trial court’s jurisdiction until age 21, and he had not completed the program.
AFFIRMED.
SWANSON, OSTERHAUS, and KELSEY, JJ., concur.